# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUES DESROSIERS and YOLETTE L. DESROSIERS | : : |
| Plaintiffs, | : NO. 1:22-CV-11674-FDS |
| | : |
| vs. | : |
| | : |
| SIG SAUER, INC., | : |
| Defendant, | : |

## DEFENDANT SIG SAUER, INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint, and respectfully submit as follows:

## SUMMARY OF ACTION[1]

1.     SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2.     SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3.     SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies the same.

4.     SIG admits that Plaintiffs seek damages from SIG in this action, but SIG denies that it is liable to Plaintiffs under any theory. SIG further specifically denies that the subject P320 pistol discharged without a trigger pull on October 10, 2019 or on any other date. The internal safeties in the P320 model pistol prevent it from firing without trigger actuation and, therefore, the

---

[1] SIG is including the headings used in Plaintiffs' Complaint for ease of reference. SIG expressly denies the truth of any allegations contained in such headings.

only way the subject P320 pistol could have fired is if something pulled the trigger. SIG denies any remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.    SIG admits that the P320 pistol is a striker-fire pistol that was introduced to the market in 2014 and that it was the first striker-fire pistol sold by SIG. With respect to the information contained in footnote 1, SIG responds that the information contained in this footnote generally describes how a striker-fired pistol operates versus a hammer-fired pistol. SIG denies the reference comparing a striker-fire pistol to a "bow and arrow," and denies that the pistol's striker-sear engagement is the only safety preventing the pistol from firing unintentionally. SIG denies any remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.    SIG admits that the P320 model pistol was first shipped to customers in Spring 2014. SIG further admits that prior lawsuits have been filed involving the P320 model pistol, but SIG denies the allegations contained in those lawsuits. SIG further admits that there have been unfounded allegations that a P320 model pistol discharged without a trigger pull in other incidents, but SIG specifically denies that the P320 pistol is capable of discharging without trigger actuation and denies that the subject P320 pistol contains any defect. SIG further responds that in many of the incidents of unintended discharges, independent investigations confirmed the incidents were caused by something inadvertently pulling the trigger causing the pistol to fire as designed. SIG denies that the firearm shown below Paragraph 6 of Plaintiffs' Complaint is a P320 pistol. SIG denies any remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.    SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore denies the same.

8.    SIG denies that the subject P320 pistol discharged without a trigger pull as alleged in Paragraph 8 of Plaintiffs' Complaint. The internal safeties in the P320 model pistol prevent it

from firing without trigger actuation and, therefore, the only way the subject P320 pistol could have fired is if something pulled the trigger. Further, Plaintiff-Husband's description of his handling of the subject pistol "under" his department-issued belt suggests he was unsafely carrying the pistol, leaving the trigger unprotected. SIG is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

9.      SIG denies that the subject P320 pistol discharged without a trigger pull as alleged in Paragraph 9 of Plaintiffs' Complaint. The internal safeties in the P320 model pistol prevent it from firing without trigger actuation and, therefore, the only way the subject P320 pistol could have fired is if something pulled the trigger. SIG is without sufficient knowledge to either admit or deny the allegations regarding the injuries Plaintiff-Husband sustained as alleged in Paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10.     SIG denies that Plaintiff-Husband's P320 pistol discharged without the trigger being pulled. SIG further responds that the language quoted in paragraph 10 of Plaintiffs' Complaint is incomplete and not put in context. To the extent Plaintiffs are making any allegations in connection with the quoted language, SIG denies such allegations and further responds that the document speaks for itself, and therefore no responsive pleading is required.

11.     SIG denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     SIG denies that the P320 pistol is defective or that it can discharge without a trigger pull. Internal safeties in the P320 pistol prevent it from firing without trigger actuation. SIG further denies that prior claims of a P320 pistol firing without a trigger pull have merit. No person has presented any viable theory – as opposed to unsubstantiated allegations – for how the P320 model pistol can fire without a trigger pull nor has anyone recreated any P320 pistol firing without a

trigger pull. SIG denies any remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     SIG admits that the P320 model pistol has never been recalled given that it is not defective. SIG denies that there have been any prior discharge incidents without trigger actuation and specifically denies that Plaintiff-Husband's P320 pistol discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     SIG denies that the P320 pistol is defective or that it can discharge without a trigger pull. Internal safeties in the P320 pistol prevent it from firing without trigger actuation. SIG further denies that prior claims of a P320 pistol firing without a trigger pull have merit. As a result, SIG denies that there have been any prior discharge incidents without trigger actuation. SIG is without sufficient knowledge to either admit or deny the allegations regarding the injuries sustained by other individuals who accidentally shot themselves contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15.     SIG denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

## **JURISDICTION**

16.     SIG admits that it is a Delaware corporation with a principal place of business in Newington, New Hampshire. The remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint are questions of law which do not require a response from SIG.  SIG respectfully refers all questions of law to this Honorable Court.

## VENUE

17.    The allegations contained in Paragraph 17 of Plaintiffs' Complaint are questions of law which do not require a response from SIG.  SIG respectfully refers all questions of law to this Honorable Court.

## PARTIES

18.    SIG admits that it is a Delaware corporation with a principal place of business in Newington, New Hampshire, that it was formerly known as SIGARMS, Inc., and that it changed its name to Sig Sauer, Inc in October 2007. SIG further admits that it designs and manufactures firearms and sells them in the United States and abroad. SIG denies any remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

20.    SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

21.    SIG denies that the subject P320 pistol discharged without a trigger pull as alleged in Paragraph 21 of Plaintiffs' Complaint. The internal safeties in the P320 model pistol prevent it from firing without trigger actuation and, therefore, the only way the subject P320 pistol could have fired is if something pulled the trigger. Further, Plaintiff-Husband's description of his handling of the subject pistol "in" his department-issued belt suggests he was unsafely carrying the pistol, leaving the trigger unprotected. SIG is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.     SIG denies that the subject P320 pistol could have discharged without a trigger pull as alleged in Paragraph 22 of Plaintiffs' Complaint. The internal safeties in the P320 model pistol prevent it from firing without trigger actuation and, therefore, the only way the subject P320 pistol could have fired is if something pulled the trigger. SIG is without sufficient knowledge to either admit or deny the allegations regarding the injuries Plaintiff-Husband sustained as alleged in Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

23.     The statement contained in Paragraph 23 of Plaintiffs' Complaint is incomplete and not put into context. To the extent Plaintiffs are making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the document speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled.

24.     The statement contained in Paragraph 24 of Plaintiffs' Complaint is incomplete and not put into context. To the extent Plaintiffs are making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the document speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled.

25.     SIG admits that the product manual for the P320 model pistols plainly warned as follows:



**⚠ WARNING  – DROPPED PISTOL**

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

**ANY FIREARM MAY FIRE IF DROPPED**

SIG denies that this statement is contradictory to other statements made by SIG regarding the P320 model pistol, and SIG denies any remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     SIG admits that it has knowledge of how law enforcement officers commonly carry their firearms, but SIG denies knowledge and information sufficient to form a belief as to whether it is standard operating procedure for "all U.S. law enforcement agencies, including the U.S. Secret Service, the Federal Bureau of Investigation, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, as well as local and state police departments, including the Cambridge Police Department" to require their officers and agents to carry firearms with a pistol in the chamber. SIG denies any remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     SIG denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint, and SIG specifically denies that the P320 model pistols it sold to U.S. law enforcement agencies and departments, including the Cambridge Police Department, were defective.

28.     SIG denies that the P320 model pistol is capable of firing without trigger actuation. SIG further denies that carrying a pistol with a round in the chamber is consistent with the rules of

firearms safety in all situations. SIG denies any remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     SIG denies any characterization of SIG's advertisements and marketing materials as they speak for themselves. SIG denies any remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     SIG admits that the U.S. military uses a variant of the P320 model pistol – the M17 and M18 – as its standard sidearm and that one of the advertisements included with Paragraph 30 of Plaintiffs' Complaint shows an M17 pistol. SIG denies any characterization of SIG's advertisements and marketing materials and further states that the document referenced speaks for itself. SIG denies any remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     SIG admits that the P320 functions in a safe manner for its intended use. SIG denies any characterization of SIG's advertisements and marketing materials as they speak for themselves. SIG denies any remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     SIG denies any characterization of SIG's advertisements and marketing materials as they speak for themselves. SIG denies any remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     SIG admits that the P320 is the first striker-fired pistol designed and manufactured by SIG and that the frame was based on the prior P250 model firearm. However, SIG denies that the P320 model pistol and the P250 model pistol used the same fire control unit. Rather, the fire control unit is entirely different, as the pistols operate in different manners – one is a striker-fire pistol and the other is a hammer-fire pistol, as noted in Paragraph 33 of Plaintiffs' Complaint.

34.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon, with the contract being awarded to SIG in January 2017. SIG further admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG further responds that almost all of the modifications made to the M17/M18 pistols related to their reliability, functionality, and/or drop safety. They were not made to address claims that the M17/M18 pistols could fire without trigger actuation. SIG denies the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     SIG denies that the U.S. Army or Department of Defense communicated with SIG about their testing of the P320-variant M17 and M18 modular handgun systems in 2016. Rather, all communications about the Army's testing occurred in Spring 2017 after the Army awarded a contract to SIG for the purchase of M17 and M18 pistols in connection with the Modular Handgun System program. SIG further responds that none of the information provided by the Army related to its testing suggested that the M17 or M18 pistols were capable of firing without trigger actuation. SIG denies any remaining allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     SIG denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint and further denies that Plaintiffs have a good faith basis to support the allegation contained in this Paragraph.

37.     SIG denies that it received "2016 warnings" and further denies that the P320 was, or is, defective as alleged in Paragraph 37 of Plaintiffs' Complaint.

38.     SIG denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     SIG admits that in the event a P320 model pistol is involved in any unintended discharge, SIG works with the law enforcement agency – at the agency's request – to evaluate the

pistol and confirm the pistol involved is operating properly with its safeties functioning properly to assist the agency's investigation. SIG denies the remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.    SIG admits that foreign objects can cause the trigger on a P320 pistol to be inadvertently pulled, leading to an unintended discharge. SIG further responds that the P320 pistol – along with all other firearms – are designed to fire if the trigger is pulled, whether the trigger pull is intentional or not. SIG further admits that law enforcement agencies have determined for themselves that a discharge incident was caused by the trigger on a P320 pistol being inadvertently pulled either by the officer's finger or by a foreign object. SIG denies any remaining allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.    SIG denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint which misrepresent the discussion referenced. SIG further responds that the Roscommon County Sheriff's Office determined based on its investigation that the incident occurred as a result of the trigger being pulled and the investigating officer signed a sworn declaration to the effect.

42.    SIG admits that the incident referenced in Paragraph 42 of Plaintiffs' Complaint did not result from the pistol at issue being dropped. SIG further responds that the Roscommon County Sheriff's Office determined based on its investigation that the incident occurred as a result of the trigger being pulled and the investigating officer signed a sworn declaration to the effect. SIG denies the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.    SIG denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint. SIG further responds that the Roscommon County Sheriff's Office determined based on its investigation that the incident occurred as a result of the trigger being pulled and the investigating

officer signed a sworn declaration to the effect. Plaintiffs have no good faith basis for the allegations contained in Paragraph 43 of their Complaint.

44.    SIG denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.    SIG denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.    SIG denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.    SIG denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint. SIG specifically denies that the P320 pistol is capable of firing without trigger actuation.

48.    SIG admits that a suit regarding a P320 model pistol was filed in Connecticut state court on or around August 4, 2017 and subsequently removed to the United States District Court for the District of Connecticut. SIG further admits that the suit alleged that a negligent discharge involving the drop of an unsecured, loaded P320 pistol caused the plaintiff injury. SIG denies that the pistol involved in that incident fell from a distance of less than three feet, and SIG further denies any remaining allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.    SIG denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.    SIG denies that the P320 model pistol is capable of discharging without a trigger pull. SIG admits that it issued a press release on August 8, 2017 concerning the P320, but denies that the document included with Paragraph 50 is that press release; rather, the document included in Paragraph 50 of Plaintiffs' Complaint is dated August 4, 2017. To the extent Plaintiffs are making any allegations in connection with the quoted language or the pictured document, SIG denies such allegations. SIG denies any remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.    SIG denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint, and SIG specifically denies that the P320 model pistol is capable of discharging without a trigger pull.

The language quoted in Paragraph 51 of Plaintiffs' Complaint is incomplete and not put into context, and SIG denies any allegations relating to that language. SIG denies any remaining allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.    SIG admits that it announced the "P320 Voluntary Upgrade Program" in August of 2017 to enhance the drop safety of the P320 model pistol.

53.    SIG denies the characterization of the voluntary upgrade program contained in Paragraph 53 of Plaintiffs' Complaint. The quoted information contained in Paragraph 53 of Plaintiffs' Complaint is incomplete and is not put into context. SIG published detailed information about the program and the reason for implementing the program on its website which remains accessible today, at https://www.sigsauer.com/support/p320-voluntary-upgrade/.

54.    SIG denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint. SIG published detailed information about the upgrade program which confirms that the purpose of the program was to enhance the drop safety and performance of the P320 model pistol. As described, the inclusion of a mechanical disconnector was unrelated to drop safety. Detailed information about the upgrade program, including the specific engineering changes made the and reasons for those changes, are available on SIG's website, at https://www.sigsauer.com/support/p320-voluntary-upgrade/.

55.    SIG denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint. SIG published detailed information about the upgrade program which confirms that the purpose of the program was to enhance the drop safety and performance of the P320 model pistol. As described, the inclusion of a mechanical disconnector was unrelated to drop safety. Detailed information about the upgrade program, including the specific engineering changes made the and reasons for

those changes, are available on SIG's website, at https://www.sigsauer.com/support/p320-voluntary-upgrade/.

56.     SIG denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     SIG admits that the P320 pistol has never been recalled and that all P320s in circulation are safe for their intended purpose. SIG further admits that the P320 model pistol has consistently satisfied the relevant industry standards for abusive handling, including drop fire, in place at the time the pistols were manufactured. SIG denies any remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     SIG denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon, with the contract being awarded to SIG in January 2017. SIG denies any remaining allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     SIG denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     SIG admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG denies the remaining allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     SIG admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG denies that the "entire internal firing system" was modified and further denies that its work with the Army applied to the P320 model pistol, as opposed to the M17/M18 variant. SIG denies the remaining allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     SIG admits that the P320 model pistol continued to meet the relevant industry safety standards prior to the implementation of the upgrade program. SIG denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint as stated.

64.     SIG admits that the P320 model pistol has never been recalled, but SIG denies that the P320 model pistol is defective. SIG further denies the remaining allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     SIG denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint. SIG further responds that the allegations contained in this Paragraph misrepresent the referenced filings with the German Government as found by a separate Court, and as a result, Plaintiffs have no good faith basis to make the allegation contained in Paragraph 65 of their Complaint.

66.     SIG responds that the quoted language from the P320 owner's manual speaks for itself. SIG denies Plaintiffs' characterization of the language and denies any allegations related to such language. SIG denies any remaining allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself. SIG denies any remaining allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     SIG admits that the internal safety features of the P320 model pistol prevent it from firing without trigger actuation. SIG denies any remaining allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     SIG denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint. SIG further responds that information about the original design P320 pistol is entirely irrelevant to the

issues in this case because the subject P320 pistol was manufactured and sold after the implementation of the upgrade program and the corresponding modifications to the pistol design.

70.    SIG denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint. SIG further responds that information about the original design P320 pistol is entirely irrelevant to the issues in this case because the subject P320 pistol was manufactured and sold after the implementation of the upgrade program and the corresponding modifications to the pistol design.

71.    SIG admits that there have been allegations of unintended discharges involving the P320 model pistol, but SIG denies that the P320 is capable of firing without trigger actuation.

72.    SIG admits that it was made aware of an incident involving a Roscommon County Sheriff's deputy whose P320 model pistol discharged as he was exiting his vehicle. SIG further responds that the Roscommon County Sheriff's Office's internal investigation concluded that the pistol discharged as a result of a seatbelt buckle becoming entangled in the trigger guard area of the deputy's pistol which was being carried in a light-bearing holster with a large gap at the top of the holster. The seatbelt caused the trigger to be pulled as the deputy exited his vehicle. SIG further responds that the investigating officer from Roscommon County Sheriff's Office signed a sworn affidavit confirming the results of its investigation. SIG denies that the pistol at issue can be seen on the bodycam video, and SIG denies any remaining allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.    SIG admits that it is aware of alleged incidents of negligent discharges in Surprise, AZ in 2016, but SIG denies that those discharges occurred without a trigger pull as alleged in Paragraph 73 of Plaintiffs' Complaint.

74.    SIG admits that Mr. Frankenberry's P320 pistol discharged in October 2016 when he was carrying it unsecured in his waistband. SIG further responds that scene witnesses confirmed

that Mr. Frankenberry was handling the pistol at the time of the discharge. SIG denies that Mr. Frankenberry's P320 pistol discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.    SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer who was injured when his P320 pistol discharged while he was attempting to unload it following an overnight shift. SIG further responds that the investigation into that incident determined that the officer inadvertently pulled the trigger as he was attempting to unload the pistol. This conclusion was reached, in part, based on the officer's own statements to the investigating detective where he admitted inadvertently pulling the trigger as he was in the process of unloading the pistol. SIG denies any remaining allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.    SIG admits that a Connecticut police officer alleged that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies that the pistol involved in that incident fell from a distance of less than three feet. SIG further denies the remaining allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 77 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 78 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 79 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     SIG admits that it sold P320 pistols to the Loudon County Sheriff's Office in or around June 2017, which is entirely irrelevant to this action which involves a P320 model pistol purchased by the Cambridge, MA Police Department, not the Loudon County Sheriff's Office. SIG denies any remaining allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 81 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     SIG admits that there had been no drop-related P320 incidents in the U.S. commercial market – as opposed to the law enforcement market – that were reported to SIG as of August 2017, when SIG's CEO made a statement to that effect.  SIG denies any allegations related to the statement contained in Paragraph 82 of Plaintiffs' Complaint, as the statement speaks for itself.

83.     SIG admits that it announced the P320 upgrade program on August 8, 2017. The language quoted in Paragraph 83 of Plaintiffs' Complaint is incomplete and not put into context. SIG further responds that the referenced document, in its full and complete version, speaks for itself. SIG admits that there is no federal agency with regulatory oversight of firearms, but denies any allegations suggesting that there are not industry standards relating to the design of firearms. SIG denies any remaining allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     SIG denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint as stated. SIG further responds that detailed information regarding the upgrade program and the

reasons for implementing the program are available on SIG's website at: https://www.sigsauer.com/p320-voluntary-upgrade-program.

85.      SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Complaint as stated and therefore denies the same.

86.      SIG admits that is aware of a negligent discharge incident involving a P320 pistol where the officer reportedly fell onto his pistol while pursuing a suspect. SIG denies that the P320 pistol involved in that incident discharged without trigger actuation and denies any remaining allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.      SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 87 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.      SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' Complaint as stated and therefore denies the same.

89.      SIG admits that Loudon County, Virginia deputy sheriff Marcie Vadnais was injured when she inadvertently pulled the trigger on her P320 pistol as she was trying to remove her holstered firearm from her belt while seated in her department-issued vehicle. SIG denies the remaining allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.      SIG admits that Deputy Vadnais's P320 pistol was CT-scanned and that the scan confirmed the internal safeties of the pistol were in their proper engagement and were operating as designed. SIG admits that there were misaligned sear springs in the Vadnais pistol, but denies that these could have played any role in allowing the pistol to discharge without a trigger pull. SIG

denies that the CT-scan of Deputy Vadnais's pistol showed any design defect. SIG denies the remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.     SIG admits that it has sent supplemental information to customers reminding them of the continued availability of the free upgrade program. SIG further admits that the P320 model pistol has never been recalled. SIG denies any remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 92 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     SIG admits that it was notified of an incident as alleged in Paragraph 93 of Plaintiffs' Complaint which involved an intentional trigger pull, but denies the characterization of the incident included in Paragraph 93. SIG denies any remaining allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     SIG admits that it was notified of an incident involving the discharge of a Rancho Cucamonga police officer's P320 pistol. SIG further responds that following an internal investigation by the Rancho Cucamonga Police Department, it was determined that a set of keys attached to the outside of a bag being carried by the officer had become inserted in the trigger area of the officer's P320, causing the trigger to be pulled. SIG denies any remaining allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     SIG lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     SIG admits that it was made aware of an alleged discharge incident involving Mr. Lang but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     SIG admits that it was notified of an alleged negligent discharge involving officer Ahern, but denies the incident caused physical injury as alleged in Paragraph 97 of Plaintiffs' Complaint. SIG further denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     SIG admits that it was notified of an alleged negligent discharge involving Officer Collette where his P320 pistol discharged while it was being transported in an unsecured manner wrapped in a cloth. SIG denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     SIG admits that it was notified of an alleged negligent discharge involving Agent Jinn as alleged in Paragraph 99 of Plaintiffs' Complaint but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.     SIG admits that it was notified of an alleged discharge involving SEPTA Officer Jacklyn which did not result in any injury as alleged in Paragraph 100 of Plaintiffs' Complaint but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.     SIG denies that any video of the incident shows the P320 pistol involved or the discharge incident itself. SIG denies any remaining allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

103.    SIG admits that it was notified of an alleged negligent discharge involving Officer Kneski as alleged in Paragraph 103 of Plaintiffs' Complaint, but denies the remaining allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    SIG admits that Mr. Villani, who has no experience in firearms design or manufacturing, issued an unsupported report on his purported inspection of a P320 model pistol as alleged in Paragraph 104, but SIG denies that the information contained in Mr. Villani's report is accurate. SIG further states that the alleged statement in Paragraph 104 of Plaintiffs' Complaint speaks for itself, and to the extent Plaintiffs are making any allegations related to this statement, they are denied. SIG denies any remaining allegations contained in Paragraph 104 of Plaintiffs' Complaint. SIG further denies that Mr. Villani is qualified to provide the incorrect and unsupported opinion referenced in Paragraph 104 of Plaintiffs' Complaint as was previously recognized by the U.S. District Court for the District of South Carolina, which precluded Mr. Villani from offering any opinions on defects in the P320 pistol on the grounds he is unqualified to offer such opinions and the opinions he sought to proffer were unreliable.

105.    SIG admits that it was notified of an alleged negligent discharge involving Officer Gardette as alleged in Paragraph 105 of Plaintiffs' Complaint, but denies the remaining allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    SIG admits that it was notified of an alleged negligent discharge involving Officer Albert as alleged in Paragraph 106 of Plaintiffs' Complaint, but denies the remaining allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    SIG admits that it was notified of an alleged negligent discharge involving Mr. Larsen as alleged in Paragraph 107 of Plaintiffs' Complaint, but SIG denies the remaining allegations contained in Paragraph 107 of Plaintiffs' Complaint and specifically denies that the P320 pistol could have discharged without a trigger pull.

108.    SIG admits that it was notified of an alleged negligent discharge involving Officer Northrop, but denies the remaining allegations contained in Paragraph 108 of Plaintiffs' Complaint. SIG further responds that the Tampa Police Department investigated Officer Northrop's incident and determined that the incident resulted from Officer Northrop's negligent handling of the firearm which caused the trigger to be inadvertently pulled.

109.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

110.    SIG admits that it was notified of an alleged negligent discharge involving Mr. Campbell that occurred in June 2020 as alleged in Paragraph 110 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

111.    SIG admits that it was notified of an alleged negligent discharge involving a Milwaukee police officer in July 2020 as alleged in Paragraph 111 of Plaintiffs' Complaint, but SIG denies the remaining allegations contained in Paragraph 111 of Plaintiffs' Complaint and specifically denies that the P320 pistol could have discharged without a trigger pull.

112.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

113.    SIG admits that it is aware of an alleged negligent discharge involving a member of Canadian Special Forces as alleged in Paragraph 113 of Plaintiffs' Complaint. SIG further responds that on June 30, 2021, the Canadian Armed Forces issued a statement concluding that "no technical failure occurred within the pistol," and that "[t]he pistol functioned as per the requirements as demonstrated by the weapons technical experts who trialed thousands of rounds without a reoccurrence." The Canadian Armed Forces further concluded that "the primary probable cause of the incident was due to a partial depression of the trigger by a foreign object." SIG further responds that the use of an improper holster contributed to the incident. SIG denies any remaining allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    SIG admits that it was made aware of a negligent discharge incident involving ICE Officer Catherine Chargualaf that occurred at the Tennessee Wildlife Resources Agency on December 8, 2020, but SIG denies that the P320 pistol could have discharged without a trigger pull. SIG further denies any remaining allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    SIG admits that it was made aware of an alleged negligent discharge incident involving Brittany Hilton of the Bridge City, TX Police Department that occurred on December 1, 2020, but SIG denies that the P320 pistol could have discharged without a trigger pull. SIG further denies any remaining allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.    SIG denies the allegations contained in Paragraph 116 of Plaintiffs' Complaint, and SIG further denies that the P320 pistol could have discharged without a trigger pull.

117.    SIG admits that it was made aware of a negligent discharge incident involving Special Agent Amy Hendel that occurred at a firing range in Cottage Grove, Minnesota on May

12, 2021, but SIG denies that the P320 pistol could have discharged without a trigger pull. SIG further denies any remaining allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

119.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

120.    SIG is aware of a negligent discharge as alleged in Paragraph 120 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

121.    SIG admits that it was made aware of a negligent discharge incident involving police officer Ashley Catatao that occurred while she was on duty in Somerville, Massachusetts on April 6, 2022, but SIG denies that the P320 pistol could have discharged without a trigger pull. SIG further denies any remaining allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    SIG admits that there have been prior instances of negligent discharges at the Sig Sauer Academy, but denies that any instances involved a P320 pistol discharging without the trigger being pulled. SIG denies any remaining allegations contained in Paragraph 122 of Plaintiffs' Complaint as stated.

## COUNT I

## NEGLIGENCE

123.    In response to Paragraph 123 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 122 as though fully set forth herein.

124.    SIG admits that it owes certain duties to purchasers of its products, but SIG denies that it breached any such duty. SIG further denies that the P320 model pistol, including the subject P320 pistol, is defective in any way or is capable of firing without trigger actuation. Any remaining allegations contained in Paragraph 124 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

125.    SIG admits that it owes certain duties to purchasers of its products, but SIG denies that it breached any such duty. SIG further denies that the P320 model pistol, including the subject P320 pistol, is defective in any way or is capable of firing without trigger actuation. Any remaining allegations contained in Paragraph 125 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

126.    SIG admits that it owes certain duties to purchasers of its products, but SIG denies that it breached any such duty. SIG further denies that the P320 model pistol, including the subject P320 pistol, is defective in any way or is capable of firing without trigger actuation. Any remaining allegations contained in Paragraph 126 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

127.    SIG denies the allegations contained in Paragraph 127, including the allegations contained in subparts i. – viii., of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

128.    SIG denies the allegations contained in Paragraph 128 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

129.    SIG denies that the P320 model pistol, including the subject P320 pistol, was defective or in a dangerous condition as alleged in Paragraph 129 of Plaintiffs' Complaint. SIG

denies any remaining allegations contained in Paragraph 129 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

130.    SIG denies the allegations contained in Paragraph 130 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

131.    SIG denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

132.    In response to Paragraph 132 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 131 as though fully set forth herein.

133.    SIG admits that it markets, sells, and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    SIG denies the allegations contained in Paragraph 134 of Plaintiffs' Complaint as alleged and respectfully refers all questions of law to this Honorable Court.

135.    SIG denies the allegations contained in Paragraph 135 of Plaintiffs' Complaint, including the allegations contained in subparts i. – vi., and respectfully refers all questions of law to this Honorable Court.

136.    SIG denies the allegations contained in Paragraph 136 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

137.     SIG denies the allegations contained in Paragraph 137 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

<u>**COUNT III**</u>

<u>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**</u>

138.     In response to Paragraph 138 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 137 as though fully set forth herein.

139.     SIG denies the allegations contained in Paragraph 139 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

140.     SIG denies the allegations contained in Paragraph 140 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

141.     SIG denies that the P320 model pistol is defective. SIG further denies that the P320 model pistol is capable of firing without trigger actuation. SIG denies the remaining allegations contained in Paragraph 141 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

142.     SIG denies the allegations contained in Paragraph 142 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

143.     SIG denies the allegations contained in Paragraph 143 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

144.     SIG denies the allegations contained in Paragraph 144 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

**COUNT IV**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

145.    In response to Paragraph 145 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 144 as though fully set forth herein.

146.    SIG denies that the P320 model pistol is defective. SIG denies the remaining allegations contained in Paragraph 146 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

147.    SIG admits that the P320 model pistol has never been recalled but denies that there is any reason it needs to be recalled. SIG denies the remaining allegations contained in Paragraph 147 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

148.    SIG denies the P320 model pistol is defective. SIG further denies the remaining allegations contained in Paragraph 148 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

149.    SIG denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

150.    SIG denies the allegations contained in Paragraph 150 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

151.    SIG denies the allegations contained in Paragraph 151 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

152.    SIG denies the allegations contained in Paragraph 152 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

153.    SIG denies the allegations contained in Paragraph 153 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT V

## VIOLATION OF MASS. GEN. LAWS CH. 93A, §§ 2, 11

154.    In response to Paragraph 154 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 153 as though fully set forth herein.

155.    SIG admits that it sells products, including firearms, to customers located in the Commonwealth of Massachusetts. SIG denies the remaining allegations contained in Paragraph 155 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

156.    SIG denies that the subject P320 pistol malfunctioned. SIG denies information and knowledge sufficient to form a belief as to whether it sold the subject P320 pistol to the City of Cambridge. SIG denies the remaining allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.    SIG denies that the subject P320 pistol malfunctioned. SIG denies information and knowledge sufficient to form a belief as to truth of the remaining allegations contained in Paragraph 157 of Plaintiffs' Complaint.

158.    SIG denies the allegations contained in Paragraph 158 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

159.    SIG denies the allegations contained in Paragraph 159 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

160.    SIG denies the allegations contained in Paragraph 160 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT VI

### PLAINTIFF YOLETTE DESROSIERS LOSS OF CONSORTIUM AGAINST DEFENDANT

161.    In response to Paragraph 161 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 160 as though fully set forth herein.

162.    SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 162 of Plaintiffs' Complaint and therefore denies the same.

163.    SIG denies that it was negligent in any manner with respect to Plaintiffs' claimed injuries as alleged in Paragraph 163 of Plaintiffs' Complaint. SIG further denies that the subject P320 pistol discharged without a trigger pull. The internal safeties in the P320 model pistol prevent it from firing without trigger actuation and, therefore, the only way the subject P320 pistol could have fired is if something pulled the trigger. SIG is without sufficient knowledge to either admit or deny the remaining allegations as to the existence and/or extent of Plaintiff-Husband's claimed injuries contained in Paragraph 163 of Plaintiffs' Complaint and therefore denies the same.

164.    SIG denies that it was negligent in any manner with respect to Plaintiffs' claimed injuries as alleged in Paragraph 164 of Plaintiffs' Complaint. SIG further denies that the subject P320 pistol discharged without a trigger pull. The internal safeties in the P320 model pistol prevent

it from firing without trigger actuation and, therefore, the only way the subject P320 pistol could have fired is if something pulled the trigger. SIG is without sufficient knowledge to either admit or deny the remaining allegations as to the existence and/or extent of Plaintiff-Husband's claimed disability contained in Paragraph 164 of Plaintiffs' Complaint and therefore denies the same.

165.    SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 165 of Plaintiffs' Complaint and therefore denies the same.

166.    SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 166 of Plaintiffs' Complaint and therefore denies the same.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Alteration/Improper Use)**

SIG has no control over the maintenance, handling, or use of its products. SIG further states that if there was any defect or deficiency to a product manufactured by SIG, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product or of any problems undertaken by SIG, but on the contrary, the result is of other acts or omissions on the part of others for whom SIG is not responsible including negligent or faulty maintenance, handling, use, or alteration.

## THIRD AFFIRMATIVE DEFENSE
### (Written Warnings)

No warnings or instructions were required because any claimed danger would be apparent to an ordinary user. However, SIG provided written warnings against the particular uses, misuses, or abuses by the Plaintiff-Husband of the firearm that is the subject of the Complaint. The warnings and instructions were sufficient to inform an ordinary user of the risk of harm. The risk of harm was one that an ordinary user would reasonably expect.

## FOURTH AFFIRMATIVE DEFENSE
### (Negligence of Others)

The occurrence, injuries and damages claimed by Plaintiffs were proximately caused by the acts, omissions, fault and/or negligence of Plaintiff-Husband and/or other third parties over whom SIG had no right to control.

## FIFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Plaintiffs were the sole proximate cause of the occurrence, injuries and damages claimed by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE
### (Superseding/Intervening Cause)

SIG will show that any injury was due to and proximately caused and occasioned by the intervening and/or superseding cause, negligence and/or recklessness of a party or parties other than SIG. Such intervening and/or superseding cause, negligence and/or recklessness was/were the sole and proximate cause of the injuries sustained by Plaintiffs, and therefore, Plaintiffs cannot recover against SIG.

## SEVENTH AFFIRMATIVE DEFENSE
### (Pre-existing condition)

Any disability, disfigurement or injury claims alleged by Plaintiffs are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any act of negligence on the party of SIG.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims and damages may be limited, in whole or in part, by the Plaintiffs' failure to mitigate their damages. Plaintiff may have failed to follow a proper post-operative care protocol and/or sought and underwent contra-indicated post-operative medical care and treatment that caused, aggravated, and/or exacerbated their alleged injuries and damages.

## NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff-Husband assumed the risk of the injuries and damages claimed as a result of the events set forth in the Complaint and his assumption of risk bars or reduces his recovery on all non-negligence claims.

## TENTH AFFIRMATIVE DEFENSE
### (Setoff)

SIG invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiffs by other persons or entities, or by percentage reductions to which SIG would be entitled as a result of a jury finding against Plaintiffs or parties other than SIG. SIG reserves its right to submit issues against parties, including the Plaintiffs, and other parties who may be absent from this case at the time the case is submitted to the jury.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Government and Industry Standards)

The subject firearm and all component parts complied with all federal, state, and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misuse/Abuse)

Plaintiffs are not entitled to recover, or their damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain or care for the products at issue herein, or substantial modification of the product.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiffs cannot recover herein against SIG because the design, manufacture, packaging, warning and labeling of the product described in Plaintiffs' Complaint was in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was designed, manufactured, packaged and labeled.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

Plaintiff-Husband's own negligence proximately caused the injuries complained of herein. In this regard, and generally, SIG hereby invokes the doctrine of contributory/comparative negligence, which reduces any recovery by Plaintiffs proportionately to the fault attributed to Plaintiff-Husband.

## FIFTEENTH AFFIRMATIVE  DEFENSE
### (No Duty to Plaintiff)

SIG denies that it owed a duty to Plaintiffs as alleged; however, if it is determined that SIG owed Plaintiffs a duty, SIG denies that the duty was breached.  SIG was not negligent and acted with reasonable care under the facts and circumstances of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Not Unreasonably Dangerous)

Plaintiffs' recovery is barred, diminished or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiffs' Complaint, were not unreasonable, were known by the Plaintiff-Husband, constituted commonly or generally known dangers, were open or obvious, and because Plaintiff-Husband was a knowledgeable user of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

Plaintiffs' claims and alleged damages are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Right to Amend)

SIG reserves the right to amend its answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process.

**WHEREFORE,** having fully answered Plaintiffs' Complaint, Sig Sauer, Inc., respectfully requests this Court to enter its Order:

A.    Dismissing Plaintiffs' Complaint with prejudice;

B.    Awarding SIG its costs incurred in defending this action; and

C.    Awarding SIG such other relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Defendant Sig Sauer, Inc. requests a trial by jury on all issues so triable.  Fed. R. Civ.

P. 38.

Dated: December 16, 2022                          By its attorneys,

                                                   /s/ Richard E. Bennett
                                                  Paul Michienzie, BBO# 548701
                                                     pmichienzie@masatlaw.com
                                                  Richard E. Bennett, BBO# 037740
                                                     rbennett@masatlaw.com
                                                  Michienzie & Sawin LLC
                                                  745 Boylston Street, 5th Floor
                                                  Boston, Massachusetts 02116
                                                  Tel: 617-227-5660
                                                  Fax: 617-227-5882

                                                  Brian Keith Gibson
                                                     (*pro hac vice* application forthcoming)
                                                     Keith.Gibson@littletonpark.com
                                                  Littleton Park Joyce Ughetta & Kelly LLP
                                                  4 Manhattanville Road, Suite 202
                                                  Purchase, New York 10577
                                                  Tel: 914-417-3400

                                                  Jonathan T. Woy
                                                     (*pro hac vice* application forthcoming)
                                                     Jonathan.Woy@littletonpark.com
                                                  Littleton Park Joyce Ughetta & Kelly LLP
                                                  201 King of Prussia Road, Suite 220
                                                  Radnor, Pennsylvania 19087
                                                  Tel: 484-254-6220

                                                  *Counsel for Defendant Sig Sauer, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 16th day of December, 2022.

/s/ Richard E. Bennett
Richard E. Bennett