IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACQUES DESROSIERS and YOLETTE L. DESROSIERS, <br><br>   Plaintiff, <br><br> v. <br><br> SIG SAUER, INC., <br><br>   Defendant. | CIVIL ACTION <br> NO. 1:22-CV-11674-FDS |

**DEFENDANT SIG SAUER, INC.'S RULE 702 MOTION TO EXCLUDE EVIDENCE AND OPINIONS OF PLAINTIFFS' EXPERT, <u>WILLIAM VIGILANTE</u>**

Defendant Sig Sauer, Inc. ("Sig Sauer"), by and through its attorneys, hereby moves pursuant to Fed. R. Evid. 702 to preclude the evidence and opinions of plaintiff's expert, Willaim Vigilante. Defendant relies on the averments and arguments contained in the attached Memorandum of Law, Declaration of Brian Keith Gibson, and Exhibits A through JJ thereto, which Sig Sauer hereby incorporates by reference and adopts as though fully set forth herein at length.

This is a case in which the plaintiff police officer, in an admitted violation of police department policy, knowingly shoved an unholstered, loaded handgun with no external safety into his waistband, and now seeks to blame the manufacturer of the gun when it was his negligent handling of the gun led to an accidental discharge. In attempting to make this case, Plaintiffs disclosed putative human factors expert William Vigilante, Jr. ("Vigilante") as their expert. Vigilante opines that certain features of the P320—features that the Cambridge Police Department affirmatively selected from a variety of options—renders the design of the pistol defective and

makes the pistol more likely to accidentally discharge. But Vigilante reaches this opinion without any evidence that the P320 in fact has experienced more accidental discharges than other similar handguns, like the Glock. Vigilante also does not have the relevant expertise to opine as to the engineering features of the P320 or how they operate to protect against accidental discharges. Vigilante's causation opinion is similarly flawed because he cannot say that any one (or any combination) of these alleged defects is in fact responsible for the discharge because he has no opinion as to what caused the discharge. Finally, Vigilante's only purported testing of his hypothesis demonstrates that both the Glock and the P320 can discharge if mishandled in circumstances that very loosely approximate the accident in this case. Simply put, Vigilante offers nothing but subjective ipse dixit that the P320 discharges more easily and because he has no opinion about what actually happened here, he cannot say that the discharge would not have occurred if the Plaintiff had put an unholstered Glock handgun into his waistband instead of the P320.

WHEREFORE, defendant Sig Sauer, Inc. requests that this Court grant its motion and preclude Vigilante from testifying at trial.

**STATEMENT PURSUANT TO LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), Brian Keith Gibson (admitted *pro hac vice*), national counsel for Sig Sauer, conferred via email with Robert W. Zimmerman, Esquire, counsel for Plaintiff, on February 14, 2025 concerning this motion and attempted in good faith to narrow the issue presented. Despite such a conference, the parties remain at an impasse as to the relief sought by this motion.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Sig Sauer requests that this Court hold oral argument on its motion for summary judgment. Sig Sauer believes that oral argument may assist the Court in determining this motion and wishes to be heard.

Dated: February 14, 2025

Respectfully submitted,

**LITTLETON JOYCE**
**UGHETTA & KELLY LLP**

By: */s/ Brian Keith Gibson*
Brian Keith Gibson (admitted *pro hac vice*)
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: (914) 417-3400
Fax: (914) 417-3401
Keith.gibson@littletonjoyce.com

*Counsel for Defendant Sig Sauer, Inc.*


-       and –

James M. Campbell, Esquire

**CAMPBELL CONROY & O'NEIL**
20 City Square, Suite 300
Boston, MA 02129
Tel:  617-241-3060
Jmcampbell@campbell-trial-lawyers.com

*Counsel for Defendant Sig Sauer, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 14th day of February 2025.

                                      /s/ *Brian Keith Gibson*
                                        Brian Keith Gibson