# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUES DESROSIERS and<br>YOLETTE L. DESROSIERS<br><br>　　　　*Plaintiffs,*<br>v.<br><br>SIG SAUER, INC.<br><br>　　　　*Defendants.* | Case No. 1:22-cv-11674-FDS |

## PLAINTIFFS JACQUES AND YOLETTE DESROSIERS
## MOTION FOR LEAVE TO FILE ITS OPPOSITION TO SIG SAUER'S
## MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Pursuant to this Court's Standing Order Regarding Motions for Leave to File under Seal dated January 4, 2024, and the local and Federal Rules of Civil Procedure, Plaintiffs respectfully requests that the Court enter an order permitting Plaintiffs to file their Opposition to Defendant's Motion for Summary Judgment under seal. In support of this Motion, Plaintiff states as follows:

1.　　Plaintiffs have marked as an exhibit to their opposition to Defendant's Motion for Summary Judgement, ECF No. 70, and Defendant's pending *Daubert* motions, ECF Nos. 71, 72, a document Sig Sauer has designated as "highly confidential."

2.　　Without the document is a Failure Modes Effects and Criticality analysis that Sig Sauer performed to assess the potential failure modes of the P320 and the effects of those potential failures on its users.

3.　　Plaintiff and Sig Sauer have conferred before Plaintiff filed this Motion, and Sig Sauer, the proponent of the confidentiality designation, confirmed that the document should be filed under seal.

1

4. In *United States v. Bulger*, 283 F.R.D. 46, 53 (D. Mass. 2012), the court recognized that the Third Circuit employs "the same good cause standard" to determine whether a protective order or motion to seal should be granted, citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.1994),

5. The *Pansy* Court identified the following factors of the good cause balancing test: (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.1994),

6. The Parties have agreed that documents produced in one P320 discharge case can used in others and have, in other matters, agreed to a protective order applicable in all matters.

7. Because Plaintiffs' Opposition to Defendant's motion includes a document marked as "highly confidential" by Sig Sauer, Plaintiff respectfully requests that this Court allow Plaintiff to file its unredacted motion and attached exhibits under seal.

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiffs' motion for leave to file their Opposition to Defendant's Motion for Summary Judgment under seal and issue the proposed order accompanying this motion.

Respectfully submitted,

**SALTZ MONGELUZZI & BENDESKY P.C.**

/s/:<u>Robert W. Zimmerman</u>
ROBERT W. ZIMMERMAN (*pro hac vice*)
RYAN D. HURD (*pro hac vice*)
SAMUEL A. HAAZ (*pro hac vice*)
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 496-8282 (Telephone)
(215) 496-0999 (Facsimile)
rzimmerman@smbb.com
rhurd@smbb.com
shaaz@smbb.com

***Attorneys for Plaintiff, Officer Jacques Desrosiers and Yolette Desrosiers***

March 28, 2025

3

## **CERTIFICATE OF SERVICE**

      I, Robert Zimmerman, state that the forgoing document was served on all parties and counsel of record through the Court's ECF system, where is it available for viewing and download, and which automatically generates and email notification to all counsel of record which constitutes good service.

March 28, 2025                                          s/:*Robert W. Zimmerman*
                                                                  Robert W. Zimmerman