IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACQUES DESROSIERS and<br>YOLETTE L. DESROSIERS,<br><br>    Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO. 1:22-CV-11674-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT, SIG SAUER INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL EXHIBIT 320 AND TESTIMONY REGARDING ITS CONTENTS**

The Court should seal Exhibit 320 and all testimony related to the Exhibit because these materials contain confidential business information and information that, if released to the public, may harm Sig Sauer Inc.'s competitive advantages. Additionally, the Exhibit constitutes sensitive military information subject to Department of Defense Instruction (DoDI) 5230.24 distribution controls. Finally, the Court previously granted the Plaintiffs' Joint Motion to seal this same document as part of the summary judgment record, and should do the same now. Docket 79 & 84.

## BACKGROUND

Plaintiffs' Complaint alleges that he was injured due to an accidental discharge of his P320 pistol. Docket 1, p. 6. Trial began in this case on July 14, 2025. On July 21, Plaintiff's Counsel introduced Exhibit 320 into evidence. Plaintiffs' Counsel subsequently solicited testimony from Mr. Sean Toner and Mr. Matt Taylor regarding the contents of Exhibit 320.

Exhibit 320 is an engineering analysis submitted by Sig Sauer to the Army as part of the Army's Modular Handgun System (MHS) acquisition titled Failure Modes, Effects, and Criticality Analysis (FMECA). Ex 1, ¶ 3. The document is a contractually required deliverable wherein Sig

Sauer identifies certain potential causes of failure applicable to all pistols and details Sig Sauer's engineering group's design decisions to eliminate or mitigate those potential causes of failure for the military's M17 and M18 pistols. Ex. 1 ¶¶ 3 & 4. The engineering details and decisions regarding how to minimize or eliminate potential causes of failure give Sig Sauer a competitive advantage over its competition and trade secrets that would be highly prejudicial to Sig Sauer if exposed to the public. Ex. 1, ¶ 6.

## LAW AND ARGUMENT

The Court may subsequently seal documents and testimony to safeguard them from disclosure even after they are admitted into the trial record. Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993). Although there is a presumption in favor of access to trial records, "compelling reasons" can justify the sealing of certain exhibits and testimony. See id. "Compelling reasons include that the records could serve 'as sources of business information that might harm a litigant's competitive standing' in the marketplace." West v. Bell Helicopter Textron, Inc., No. 10-CV-214-JL, 2014 WL 12908077, at *2 (D.N.H. Sept. 30, 2014) quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).

**I.    Exposure of the Sensitive Information in Exhibit 320 Would Harm Sig Sauer's Competitive Advantage**

Exhibit 320 is precisely the type of record that includes business information that would harm Sig Sauer's competitive advantages if released to the public. First and foremost, Sig Sauer created the Exhibit as one of its contractual required deliverables to the Army for its next-generation MHS. Ex. 1, ¶ 3. In doing so, Sig Sauer relied on its engineering experience and design expertise to properly identify potential failures, analyze the risks of those failures, and design solutions to minimize or eliminate those risks. Stated somewhat differently, the analysis contained in Exhibit

320 is not just a run-of-the-mill corporate document created during the standard design and engineering phase of any product development, but rather work product specifically developed to support its product with regard to the Army's MHS acquisition.

In the document, Sig Sauer identifies potential failures, most of which are inherent to modern pistol designs, analyzes the risk of those potential failures in accordance with military standards, and then describes the engineering steps Sig Sauer took to mitigate or eliminate those potential failures. Although the existence of potential failure events is inherent in all pistol designs, Sig Sauer's identification of specific potential failures and engineering responses to those potential risks sets it apart from its competition. If Exhibit 320 were to be released to the public, any competitor could steal Sig Sauer's failure identification and risk analysis, and adopt Sig Sauer's engineering responses, thereby eliminating the competitive advantage Sig Sauer has created throughout decades of detailed engineering and analysis in firearm manufacturing.

The case of West v. Bell Helicopter Textron, Inc., No. 10-CV-214-JL, 2014 WL 12908077 (D.N.H. Sept. 30, 2014) is instructive in this matter. In West, the Court addressed whether certain documents previously admitted into the trial record met the "compelling reason" standard to be sealed. Id. at *1. Included in the documents reviewed by the Court was a slideshow (Exhibit 433) submitted by the defendant to a potential client, which highlighted certain design and engineering decisions and features incorporated into the Defendant's product. Id. at * 3. The Court in West determined that these materials met the compelling interest standard and ordered them to be sealed. Exhibit 320 in the instant case was specifically created by Sig Sauer as a deliverable to its customer (the Army) and includes design and engineering decisions regarding the mitigation and elimination of potential risks associated with nearly all modern pistols. Similar to Exhibit 433 in West, Exhibit 320 is a deliverable provided to a customer containing design and engineering decisions that detail

the creator's competitive advantages to its customer. It should therefore be sealed to prevent the erosion of Sig Sauer's competitive advantage.

## II. Plaintiffs Have Previously Moved to Seal Exhibit 320

Recognizing the sensitive nature of this document, Plaintiffs previously moved for leave of Court to file Exhibit 320 under seal as part of its opposition to the Defendant's Motion for Summary Judgment. Docket No. 79. The Court granted the Plaintiffs' joint motion to seal this document less than four months ago. Docket No. 84.[1] Neither the contents of the document nor the competitive advantages described therein have changed since then, and Plaintiffs have not moved to unseal the document.

## III. The Army Restricts Release of this Document Due to the Sensitive Nature of its Contents

The Army has recognized the sensitive nature of this document and restricted its release in accordance with DoDI 5230.24. More specifically, the Army has determined that Exhibit 320 is subject to Distribution Statement D "as it potentially reveals critical information about the handgun," including "design, reliability, and performance details." Ex 1, Attach. A. Absent special approvals, Distribution Statement D restricts disclosure to Department of Defense personnel and U.S. DoD contractors. Ex. 2.

## IV. Testimony Related to Exhibit 320

The same arguments discussed above regarding the sealing of Exhibit 320 apply equally to any testimony regarding the contents of the Exhibit. Sig Sauer therefore requests that the Court issue a temporary protective order preventing the release of the relevant transcripts to anyone besides the parties to this case until such time as the relevant portions of testimony can be identified by Sig Sauer and presented to the Court to be sealed.

---

[1] It is noteworthy that Exhibit 320 was produced to Plaintiff's counsel in the case of Catatao v. Sig Sauer, Inc. 1:22-cv-10620, and is subject to this Court's protective order issued in the Catatao case. Catatao Docket No. 27.

WHEREFORE, SIG Sauer, Inc. respectfully requests that the Court seal Exhibit 320 and any trial testimony discussing the contents of Exhibit 320.

SIG SAUER, INC.,

By its Attorneys,

CAMPBELL, CONROY & O'NEIL, P.C.

*/s/ James M. Campbell*
James M. Campbell (BBO #541882)
jmcampbell@campbell-trial-lawyers.com
Alaina N. Devine (BBO #688152)
adevine@campbell-trial-lawyers.com
20 City Square, Suite 300
Boston, MA 02210
Tel: (617) 241-3000
LITTLETON JOYCE UGHETTA & KELLY LLP

*/s/ Christophe A. Monson*
Kristen E. Dennison (*pro hac vice*)
kristen.dennison@littletonjoyce.com
Christopher A. Monson (BBO #689210)
Christopher.monson@littletonjoyce.com
2460 N. Courtenay Pkwy, Suite 204
Merritt Island, FL 32953
Tel: (321) 574-0280

**CERTIFICATE OF SERVICE**

I, Christopher A. Monson, counsel for defendant Sig Sauer, hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court on July 28, 2025 using the Court's electronic filing (ECF) system, which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF.

*/s/ Christopher A. Monson*
Christopher A. Monson