**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JACQUES DESROSIERS and YOLETTE L. DESROSIERS,<br>Plaintiffs,<br>v.<br>SIG SAUER, INC.,<br>Defendant. | Civil Action No. 22-cv-11674-PBS |

**ORDER**

September 9, 2026

Saris, J.

Plaintiff Jacques Desrosiers, an officer with the Cambridge Police Department ("CPD"), was injured when his Sig Sauer P320 duty pistol ("P320 pistol") accidentally discharged while tucked into the waistband of his pants. He and his wife, Plaintiff Yolette L. Desrosiers, subsequently brought this lawsuit against the P320 pistol's manufacturer, Defendant Sig Sauer, Inc. ("Sig Sauer").

In July 2025, the Court held a twelve-day jury trial on the Desrosiers' claims for breach of the implied warranty of merchantability and loss of consortium.[1] After multiple days of deliberations, the jury found (1) that Sig Sauer both defectively

---

[1] The Court granted summary judgment to Sig Sauer on the Desrosiers' claim for intentional infliction of emotional distress. The Desrosiers dropped their claims for negligence and negligent infliction of emotional distress before trial.

designed the P320 pistol and failed to adequately warn about the risks associated with the P320 pistol and (2) that the defective design, though not the failure to warn, caused injury to Mr. Desrosiers. Nonetheless, the jury also found that Sig Sauer had proven its so-called Correia defense based on Mr. Desrosiers' unreasonable use of the P320 pistol. See Correia v. Firestone Tire & Rubber Co., 446 N.E.2d 1033, 1040 (Mass. 1983) (establishing this defense to a breach of warranty claim under Massachusetts law). Under this defense, a plaintiff may not recover for a breach of warranty if the defendant shows that "the plaintiff 'subjectively knew that the product was defective and dangerous'"; "that, despite that subjective belief, the plaintiff's use of the product was objectively unreasonable"; "and that the plaintiff's conduct was a cause of the injury." Haglund v. Philip Morris, Inc., 847 N.E.2d 315, 324 (Mass. 2006) (quoting Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 17 (1st Cir. 2001)). The jury's finding in Sig Sauer's favor on its Correia defense barred recovery based on Sig Sauer's defective design of the P320 pistol.

The remaining issue in this lawsuit is the Desrosiers' claim under Massachusetts General Laws Chapter 93A ("Chapter 93A"). After the filing of briefs and a hearing, the Court directs entry of judgment for Sig Sauer on the Chapter 93A claim.

When a trial court decides a Chapter 93A claim, it "is not bound by a jury's verdict on parallel common law claims." Baker v.

Goldman, Sachs & Co., 771 F.3d 37, 49 (1st Cir. 2014); see BioPoint, Inc. v. Dickhaut, 110 F.4th 337, 350 n.6 (1st Cir. 2024) (explaining that "the court, when considering a Chapter 93A claim, may adopt factual findings that contradict the jury's prior findings"). "But the court may, if it chooses, consider the verdict in reaching its conclusions, or adopt the verdict entirely." Baker, 771 F.3d at 49. And when the court determines that the jury "resolved all material, factual issues relating to the [Chapter] 93A claim," it is "not required to make specific findings of fact" itself. Makuc v. Am. Honda Motor Co., 835 F.2d 389, 394 (1st Cir. 1987); see KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC, 729 F. Supp. 3d 84, 115 (D. Mass. 2024).

The Court agrees with, and adopts, the jury's factual findings in this case, which are amply supported by the evidence presented at trial. The P320 pistol sold to the CPD was defectively designed because it had a relatively short and light trigger pull but lacked either a thumb safety or a tabbed trigger. This design created an unreasonable risk of an unintentional discharge if the trigger came into contact with a finger or a foreign object. Had Mr. Desrosiers' P320 pistol come with a thumb safety or a tabbed trigger, it would not have discharged unintentionally on the occasion in question, as Mr. Desrosiers testified that he did not put his finger flush against the face of the trigger. Sig Sauer also failed to adequately warn the CPD about the nature of P320's

trigger and striker, its relatively short and light trigger pull, and the resulting risk of an unintentional discharge, but this failure to warn did not cause Mr. Desrosiers' injuries because the CPD wanted to purchase a duty weapon with a smooth trigger pull and no thumb safety or tabbed trigger. Finally, Mr. Desrosiers' testimony at trial makes clear that he was aware of the features of the P320 pistol that rendered it defective and dangerous, that he acted unreasonably in sticking his P320 pistol in the waistband of his pants in violation of CPD policy, and that this unreasonable action resulted in his injuries. The Court agrees with the jury that Sig Sauer proved that the Correia defense barred recovery in this case.

Sig Sauer argues that these factual findings bar the Desrosiers from recovering under Chapter 93A as well as for a breach of warranty. The Desrosiers respond that their Chapter 93A claim is distinct from their breach of warranty claim. The Court concludes that Sig Sauer has the better of the argument.

Insofar as the Desrosiers' Chapter 93A claim is based on Sig Sauer's defective design of the P320 pistol, the claim fails based on the jury's finding in Sig Sauer's favor on its Correia defense. The parties cite no caselaw directly addressing whether the Correia defense applies to a Chapter 93A claim premised on the same facts as a breach of warranty claim, and the Court has found none. However, although "Massachusetts law clearly rejects the broad

assertion that the elements of a [C]hapter 93A claim must track those of analogous common-law claims," Nightingale v. Nat'l Grid USA Serv. Co., 107 F.4th 1, 5 (1st Cir. 2024), the Massachusetts Supreme Judicial Court ("SJC") has made clear that when a breach of warranty and Chapter 93A claims arise from "the same . . . theory of injury and the same set of alleged facts, they should survive or fail under the same analysis." Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 889 (Mass. 2008); see Liberty Mut. Ins. Co. v. Broan-NuTone LLC, 731 F. Supp. 3d 205, 220 (D. Mass. 2024); Rothbaum v. Samsung Telecommunications Am., LLC, 52 F. Supp. 3d 185, 206 (D. Mass. 2014); Donovan v. Philip Morris USA, Inc., 914 N.E.2d 891, 902 n.13 (Mass. 2009).

Here, a theory of Chapter 93A liability that is premised on the defective design of the P320 pistol arises from the same injury and facts as the breach of warranty claim. The Court therefore predicts that the SJC would hold that under these circumstances the Correia defense is applicable to the Chapter 93A claim. See Aubee v. Selene Fin. LP, 56 F.4th 1, 4 (1st Cir. 2022) (explaining that a federal court sitting in diversity must "interpret[] and apply[] the rules of substantive law enunciated by the state's highest judicial authority, or, on questions to which that tribunal has not responded, mak[e] an informed prophecy of what the court would do in the same situation" (quoting Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1151 (1st Cir. 1996))).

The Desrosiers' Chapter 93A claim also rests on allegations that Sig Sauer deceptively marketed and sold the P320 pistol to the CPD. The jury's finding that Sig Sauer's failure to adequately warn about the risks of the P320 pistol did not cause Mr. Desrosiers' injuries is dispositive of this aspect of the Chapter 93A claim. A plaintiff must prove causation to prevail on either a breach of warranty or a Chapter 93A claim. See Alicea v. Cincinnati Inc., 166 F.4th 245, 258 (1st Cir. 2026) (breach of warranty); Anoush Cab, Inc. v. Uber Techs., Inc., 8 F.4th 1, 16 (1st Cir. 2021) (Chapter 93A). At trial, the Desrosiers presented evidence of various marketing materials and representations that they alleged were false or deceptive in support of their failure to warn claim. While the Desrosiers point to additional marketing evidence to support their Chapter 93A claim, they do not explain how this additional evidence would affect the jury's finding that Sig Sauer's failure to warn of the risks of the P320 pistol did not cause Mr. Desrosiers' injuries. Because similar facts underlie the causation elements of both the Desrosiers' failure to warn claim and the aspect of their Chapter 93A claim related to Sig Sauer's marketing and sale of the P320 pistol, the jury verdict is dispositive of this aspect of the Chapter 93A claim as well.

Accordingly, the Court directs entry of judgment in Sig Sauer's favor on the Desrosiers' Chapter 93A claim.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge